CENTRAL COAL & COKE COMPANY *v.* GREGORY.

Opinion delivered February 17, 1906.

MASTER AND SERVANT—NEGLIGENCE OF FELLOW-SERVANT.—For an injury caused solely by the negligence of a fellow-servant the master is not liable; as where a servant was injured in an explosion of gas in a mine caused solely by the negligence of fellow-servants who, with open lamps, ventured into a part of the mine where they, by the master's rules, were forbidden to go.

Appeal from Sebastian Circuit Court, Greenwood District; *Styles T. Rowe,* Judge; reversed.

### STATEMENT BY THE COURT.

The acts of Congress (March 3, 1901; July 1, 1902) provide: "That the owners or managers of every coal mine shall provide an adequate amount of ventilation of not less than 83 1-3 cubic feet of pure air per second, or 5000 cubic feet per minute for every 50 men at work in said mine, and in like proportion for a greater number, which air shall by proper appliances or machinery be forced through such mine to the face of each and every working place, so as to dilute and render harmless and expel therefrom the noxious or poisonous gas." The injury for which appellee sued occurred in the Indian Territory.

The appellee grounds his action on an alleged violation of this statute, and also charges that appellant "did not thoroughly inspect said mine for gas, and did not warn said plaintiff, its servant, of the existence of gas in said mine, and did not mark as dangerous the places where gas was known by the defendant to exist, * * * and did not employ competent and experienced fellow-servants to work with plaintiff, but instead employed one Floyd Oder, and put him in charge of said mine as gas inspector; that he was incompetent and careless, and that appellant knew this, or by the exercise of ordinary care could have known it." Appellee charges that the negligence of appellant in the particulars named caused an explosion in the mine, which "badly burned and injured him upon his head, face, neck, arms, hands, ears, eyes, back and body." He laid his damages at $1,000. The appellant denied all the material allegations of the complaint, and set up contributory negligence of appellee, and that the explosion was caused by the negligence of fellow-servants.

There was a jury trial, and verdict and judgment for appellee in the sum of $500.

The undisputed testimony showed about the following facts: "That Floyd Oder was fire boss; that it was the duty of the fire boss to inspect the various parts of the mine, and if he found a place unsafe or a place that required additional ventilation, certain marks, called a "dead line," were made, which marks indicated that the points in the mine beyond them were not in a safe condition for work, and that no persons should go beyond these marks; that these marks were well understood by all the employees. On the morning of the accident, it appears that the fire boss examined the working places, and found the ventilation good up to a point between rooms 25 and 26, at which point a dead line was placed, indicating that there was danger beyond that point, and that no one should go beyond this line. Near this point, but on the safe side of the dead line and where the ventilation was good, and no gas existed, rock had fallen, and plaintiff, with one or two others, was engaged at work removing this fall. Beyond rooms 25 and 26, and within the dead line, were rooms 21, 22 and 23, which were the working places of coal miners by the names of Fields, Kincaid, McMillian and Peek. When these men started to their respective working places, they traveled down the entry upon which their working places opened, and upon which were the rooms 25 and 26, and in which entry the fall occurred at which plaintiff was at work; but when they reached the danger signal, knowing the meaning of this and that the rules of the company forbade their going further until the part of the mine beyond the danger line had been pronounced safe, they stopped.

One of the witnesses describes what took place in the mine as follows: "I was working in the 8th east entry on the morning of the explosion. My work was running from rooms 26 and up to 28. Was working with open lamp. Hill, Hamilton, Gregory and myself were all at work there with open lamps on our caps. The air was good and all right where we were at work—could tell this by the place being cleared up, which indicated a good current of air. The 8th east entry went on from room 26, and extended to rooms 24, 23, 22, and so on to 1. The dead line I saw was about room 26, and this dead line indicated there was danger from

gas beyond that. I saw George Peek, Jerry Kincaid, William Fields and Will McMillian, coal miners, just before the explosion, sitting down near the dead line, but on the safe side. They had open lamps, to my best judgment. They had their lights burning on their heads, all four of them. I don't know exactly how long this was before the explosion, something like five or ten minutes. I went down between rooms 26 and 27 and saw them there, then turned back, going towards room 28, and as I went back I heard them walking away from there, going in an opposite direction. towards the place from which the explosion came. The last I saw of them was about room 26, and they turned away, and went towards room 22. I didn't look after them, but the last time I saw them they had their lights on their heads.

There was an allegation in the complaint to the effect "that the gas and coal dust which defendant had negligently allowed to accumulate in the mine became ignited by some of defendant's servants going into said mine with an open lamp."

The appellant, among others, asked the following instructions, which the court refused:

6. "If the evidence shows the part of the mine in which the explosion occurred before it happened had been dead-lined, and that before it had been pronounced safe by the fire boss Kincaid, Fields, Peek and McMillian went into that part of the mine with open lamps, and the gas which caused the explosion was thereby ignited, then the proximate cause of the accident was the negligence of these parties in going into that part of the mine with open lamps; and, they being fellow-servants of the plaintiff, he is not entitled to recover.

7. "If the evidence shows it was against the rules of defendant for its employees to go into any working place that had not been first examined and found safe by the fire boss, or against such rules for them to go to any part of the mine that had been "dead-lined;" that, in violation of such rule or rules, Field, Kincaid, Peek and McMillian went with open lamps over this dead-line and to a place that had not been examined and found safe, and that some of them set off the gas which caused the explosion, then plaintiff can not recover, the explosion being caused by the negligent acts of the fellow-servants of plaintiff."

The court also refused others of same purport. Appellant

also asked the court to direct the jury to return a verdict in its favor.

*Ira D. Oglesby,* for appellant.

The evidence fails to disclose any negligence or breach of duty on the part of appellant, but it does establish the fact that the injury complained of was the result of negligence of fellow-servants.

*J. E. Whitehead,* for appellee.

1. The duty of ventilation was imperative upon the appellant, and no act of a fellow-servant can excuse its neglect. 12 Am. & Eng. Enc. Law (2 Ed.), 905*d.*, and notes 4, 5, 6 and 7.

2. The allegation of injury to the ears was sufficient to authorize proof of injury to the hearing. 115 Ind. 443; 102 Mich. 153; 128 N. Y. 681; 54 Pac. 985; 135 Ill. 511.

WOOD, J., (after stating the facts.) Requests for instructions six and seven should have been granted. They were based upon the evidence. Also other instructions of similar purport.

We are also of the opinion that the court should have given the peremptory instruction to return a verdict for the appellant. The undisputed evidence showed that appellant had not failed to ventilate the mine where appellee was at work. In that compartment the air was all right. The act of Congress required that the air be forced through to the working places. This was done, and the places that were not fit for working places on account of the accumulation of gas or poisonous air were properly "dead-lined." This is all that could be required by the exercise of reasonable prudence. But, if it were conceded that the company was negligent in allowing the gas to accumulate beyond room 26, it had given the necessary and proper warning to its employees of the danger, and they understood it thoroughly. This being true, we do not see how it can be said that the negligence of appellant contributed to or was concurrent in the injury; much less, that it was the proximate cause thereof. It seems clear to us that the injury here complained of, upon the undisputed facts, was caused solely by the negligence of fellow-servants, for which the master was in no wise responsible. *New*

*York, Chicago & St. Louis R. Co.* v. *Perriguey,* 138 Ind. 414, and many cases cited therein.

Reverse, with directions to dismiss the cause of action.